OPINION of the Court, by
Judge Logan
— This was an action of ejectment, in which the appellant, w ho was the defendant below, relied on his adverse possession for twenty years. -
One of the grounds opposed to this possessory right, is an agreement, by which the defendant, after his entry on the land, had purchased the same from the plaintiff, agreeing therein to pay rent upon certain contingencies.
The first question we shall examine is the effect of that agreement on the running of the statute of limitations.
It will be admitted, that a mere naked possession for twenty years will in general bar this action. But a right thus derived, must be founded on an adverse possession. In the case before us, the question therefore arises, whether the agreement subsequently made communicates to the original possession, and converts that which before was adverse and hostile, into a friendly possession ; or whether it shall be considered as con-fering a distinct right, not to intermingle or connect itself with that possession.
It will be assumed as a position in the examination1 of this point, that the appellant claims no aid from a *507 title originally adversary, but depends solely on- his length of possession. This position we think warranted ; because the right to hold is professedly founded on his twenty years possession, and on no pretension of a weak and defective tide being ^thereby rendered valid and legal. The possession without the title confers the right to hold, but the title without the twenty years possession would be unimportant. Upon this idea the defendant himself seems to have acted, because he has not exhibited an adverse title ; for although he sets up a possession under the claim of Alexander Templeton, he has not shown tv hat that claim was, or even that Templeton had any claim.
To bar a plaintiff in e~ jectmeiu who feas title, by the pofseffion of the defendant, ftrict proof is required, not' only that pos. seilion was taken under a claim hoftile to . the real owners but that inch hwftility has exifted on the part of the fue» eeediog tenants»
Where per-fon s claim by the fame title, there shall be no adverse pof-seffion againib the right owner fo as to toll his entry.
Where two have entered, he shall be considered having; pofseifion who has the better title.
A pofseiHon originally adverse, may be converted into a friendly pos-seilion by an agreement to hold under the perfon having tight,
Regarding, then, the appellant's defence as resting solely on a right derived from possession, we come now to examine the application of t!;e Jaw to his case.
Where one claims under or through the other, there shall be no adverse possession in such case sufficient to give a title. Nor does it seem to vary the rule that such claim was acquired posterior to the entry on the land. For where a cottage built in defiance of a lord and quiet possession of it for twenty years, was held to be within the statute ; yet it was ruled, that if it had been built at first by the lord’s permission, or any acknowledgment had since been made, the statute would not run against the lord. And although the reason there assigned, is, that the possession of a tenant at will' works no disseisin ; still, the principle is the same, to stop the running of the statute by the acknowledgment or agreement subsequently made ; thereby converting an adverse hostile possession into a friendly possession, claiming protection under the same right. But thy tenure thus con-fered seems unimportant with respect to the effect produced on the running of the statute ; for whether it be at will, for a term of years., or for a greater estate, is deemed totally immaterial. — (See Esp. 435 — Bull. N. P. 104.)
This doctrine seems also to be supported in the case of Brandt vs. Ogden, decided by the supreme court in New-York, (1 John. Rep. 157.) In. that case it is said, that in order to bar the recovery of the plaintiff, ho has title, by a possession in the defendant,, strict- *508 proof has always been required, not only that the first possession was taken under a claim hostile to the real owner, but that such hostility has existed on the part of the succeeding tenants. The operation of the statute in such cases seems to cease against a claim purchased or brought in aid of the protection of the possession. A claim thus recognized, and brought in to protect the possession, cannot be adverse and hostile to it. And when, in the general, persons claim by the same title, there shall be no adverse possession so as to toll the entrv, but the entry of the other be at all times lawful. — (Esp. 434—Co. Litt. 242, 296.)
If, therefore, we consider the appellant as having no Other title than that derived from possession, and that his possession has been changed from an adverse hostile, into a friendly possession, it follows that the statute of limitation does not apply to his case.
A second point worthy oí examination in the present case, is this, it is shown from the bill of exceptions that after the defendant below had been sometime in possession of the land in dispute, but before the expiration of the twenty years, the plaintiff “ took possession of the 1000 acres claimed by his patent, and of which the land in controversy is part, and remained in possession ever since.” But within a few years after taking possession, the defendant bought of him 200 acres, part of the said 1000 acres, including the land in controversy.
It will be unnecessary to determine how. far the entry on any part of the 1000 acres would be considered as extending to the 200 acres in dispute, since the case before us does not require it. It presents a possession covering the land in controversy. What part of the 1000 acres the plaintiff actually entered on, is not stated in exclusion of any other part. But that he took possession of the 1000 acres, of which that in controversy is part. And the law is, when two have, entered, he shall be considered as having possession who hath the better title.
It is therefore considered by the court, that the judgment of the circuit court be affirmed, with cost.